ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JOANNA HULL (Cal. Bar No. 227153)
Assistant United States Attorney

Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone:  (213) 894-6585
Fax:          (213) 894-7819
Email:        joanna.hull@usdoj.gov

Attorneys for Defendant
United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| AMALIA MARQUEZ, | No. CV 11-5276 SVW (VBKx) |
| Plaintiff, | **FINDINGS OF FACT AND** |
| v. | **CONCLUSIONS OF LAW** |
| UNITED STATES OF AMERICA, | [PROPOSED] |
| Defendant. | Pretrial Conf: June 25, 2012 |
| | Trial:  July 3, 2012 |
| | Honorable Stephen V. Wilson |

Pursuant to this Court's July 3, 2012 Order, Defendant United States of America ("Defendant") hereby submits the following proposed Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.    The accident that is the subject of this action occurred on November 20, 2008, at approximately 1:15 p.m.

1    2.    The accident occurred on southbound Orchard Village Road north of
2 Lyons Avenue in Santa Clarita, California.

3    3.    At this location, Orchard Village Road has two southbound and two
4 northbound through lanes which are separated by a grass median.

5    4.    At the location of the accident, there is a short one lane connecting
6 road running west-to-east through the grass median.

7    5.    At the time of the accident, Donald Schick was employed by the
8 United States Postal Service (USPS) as a letter carrier.

9    6.    At the time of the accident, Mr. Schick was driving a USPS Long Life
10 Vehicle (LLV) in the course and scope of his employment with the United States
11 Postal Service.

12    7.    Plaintiff Amalia Marquez was driving a 1990 Chevrolet Astro van at
13 the time of the accident.

14    8.    Just prior to the accident, Mr. Schick stopped in a driveway on the
15 east side of Orchard Village Road, before entering the roadway to cross Orchard
16 Village Road south.

17    9.    Mr. Schick looked to his left for oncoming traffic, and allowed the
18 oncoming cars to pass.  He then proceeded slowly across Orchard Village Road.
19 He did not see any cars in any lane, including plaintiff.  He was struck suddenly by
20 plaintiff, who collided with the left side of the USPS vehicle.

21    10.    Mr. Schick was not negligent.

22    11.    Mr. Schick's post-accident statement regarding the avoidability of
23 the accident was based on his USPS training where he was told that every accident
24 was avoidable.

25    12.    Based on Mr. Schick's demeanor, manner, and the substance of his
26 testimony, Mr. Schick was a credible witness.

27

28                                              2

13.     Even if plaintiff was in the northern median immediately prior to Mr. Schick entering Orchard Village Road, Mr. Schick was not negligent because the northern median was at least 70 yards away.

14.     Plaintiff did not testify credibly.  She was not credible as to how the accident occurred or as to her alleged injuries.

15.     Plaintiff was not credible because, among other things, she concealed relevant medical history from her doctors, Dr. Mobin and Dr. Shamie.

16.     She told Dr. Mobin that she had no prior injury, when, among other things, she had been seeing doctors at Kaiser for a back injury 6 months prior to the accident.

17.     Plaintiff told Dr. Shamie that stress caused her to gain 30 pounds, which is contradicted by plaintiff's testimony at trial that her weight has been the same since the accident.

18.     Both parties' accident reconstruction experts had good credentials.  However, they had limited information to work with and their opinions did not tip the scales.

19.     Regarding causation, the court evaluated the testimony of plaintiff's expert Dr. Fardad Mobin and defendant's expert Dr. Kevin Ehrhart.

20.     The court finds Dr. Ehrhart more credible than Dr. Mobin because Dr. Ehrhart knew plaintiff's entire medical history, did not have a lien interest in the case, and reviewed full medical records and x-rays/films, including x-rays taken before the accident.

21.     Dr. Mobin was deprived of plaintiff's full medical history by the plaintiff and relied in part on plaintiff's subjective symptoms.  However, plaintiff is not a credible source.  Additionally, Dr. Mobin had a $51,000 interest if plaintiff prevailed at trial, plus the cost of future surgery.

3

22.   Plaintiff's psychiatric expert Dr. Mohammad Shamie was not reliable and is not board certified.

23.   Dr. Shamie's opinions were based on one two-hour meeting.

24.   Dr. Shamie's opinion that plaintiff suffers from post-traumatic stress disorder (PTSD) from an accident resulting in $4,000 worth of property damage was not credible.

25.   Dr. Shamie's opinions were also not credible because plaintiff drove herself to work after the accident and did not immediately seek medical care.

26.   Dr. Shamie had an interest in the outcome of the trial because his fee was based upon a lien and he needed plaintiff to prevail in order to recover his fees.

27.   Plaintiff has the burden of proof.

28.   Plaintiff has not sustained her burden of proof as to liability/negligence or causation.

29.   Any findings of fact deemed to be a conclusion of law is hereby incorporated into the Conclusions of Law.

*

## CONCLUSIONS OF LAW

1.   Plaintiff Amalia Marquez bring this action for negligence against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 & 2671 et seq. ("FTCA").

2.   The FTCA authorizes claims against the United States for the negligent or wrongful act of a government employee acting within the scope of his or her employment under the circumstances where the United States, if it were a private individual, would be liable under the law of the State where the claim arose.

3.   In an FTCA action, "a court must apply the law the state courts would

4

* In addition to the findings contained in this Order, the court adopts the findings it made orally at the conclusion of the bench trial

1   apply in the analogous tort action, including federal law." <u>Goodman v. United</u>

2   <u>States</u>, 298 F.3d 1048, 1054, fn 6 (2002) (quoting <u>Rhoden v. United States</u>, 55

3   F.3d 428, 431 (9th Cir. 1995)). <u>See also</u> 28 U.S.C. § 1346(b).  California law,

4   therefore, is applicable here because the accident occurred in California.

5        4.     To prove negligence under California law, Plaintiff must prove by the

6   preponderance of evidence that (1) the United States owed Plaintiff a duty, (2) the

7   United States breached its duty, and, (3) the United States' breach was the

8   proximate or legal cause of Plaintiff's resulting injuries, or damages.  <u>See</u>, <u>e.g.</u>,

9   <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913, 917 (1996).

10       5.     The United States did not breach its duty of care to Plaintiff Marquez

11  when her vehicle collided with the vehicle operated by a USPS employee.

12       6.     Ms. Marquez did not prove that her injuries, if any, were caused by

13  the November 2008 motor vehicle accident.

14       7.     Any conclusion of law deemed to be a finding of fact is hereby

15  incorporated into the findings of fact.

16       Dated:  8/1/12

17

18                         STEPHEN V. WILSON
                           UNITED STATES DISTRICT JUDGE

19

20  Presented by:

21  ANDRÉ BIROTTE JR.
    United States Attorney
    LEON W. WEIDMAN

22  Assistant United States Attorney
    Chief, Civil Division

23
    /s/ Joanna Hull
24  JOANNA HULL
    Assistant United States Attorney

25
    Attorneys for Defendant,
26  United States of America

27

28                              5